IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01706-GPG

WILLIAM D. McILLHARGEY,

    Applicant,

v.

MICHAEL MILLER, Warden,

    Respondent.

---

ORDER OF DISMISSAL

---

Applicant William D. McIllhargey is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Crowley County Correctional Facility in Olney Springs, Colorado. Applicant initiated this action by filing *pro se* an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and paying the $5 filing fee. In response to Magistrate Judge Gordon P. Gallagher's Order to file the Application on a proper Court-approved form, Applicant filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. The form Applicant used to file the Petition is not a form approved by this Court. Nonetheless, Applicant has provided all the required information so the Court may proceed with a review of the merits of his claims.

Applicant was sentenced in Colorado Criminal Case No. 95CR379 on August 31, 1995. He complains that Respondent is violating his Eighth And Fourteenth Amendment rights because his release on parole is conditioned on his participation in the Sex Offender Treatment and Monitoring Program (SOTMP) and he has been denied a

transfer to a prison facility where the SOTMP is offered.   As relief, Applicant asks that the Court order his release to allow him to receive treatment while under the supervision of a community parole officer.

The Court must construe Applicant's filings liberally because he is not represented by an attorney.   See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, the Court should not act as an advocate for a *pro se* litigant.   See *Hall*, 935 F.2d at 1110.   For the reasons stated below, the Application will be denied and the action dismissed.

Judicial review of the execution of a sentence is governed by § 2241. *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999).   A § 2241 action must be brought by an applicant who is in custody in violation of the Constitution or laws of the United States.   "[T]he traditional function of the writ is to secure release from illegal custody."   *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).   Applicant's claim that he is being denied an opportunity for parole because he is not being allowed to participate in sex offender treatment, however, is not cognizable under § 2241 for the following reasons.

"[A] federal liberty interest in parole only arises when a prisoner has a legitimate claim of entitlement to it," and "the mere existence of a purely discretionary parole authority creates no entitlement and, therefore, no concomitant federal due process interest."   *Straley v. Utah Bd. of Pardons*, 582 F.3d 1208, 1214 (10th Cir. 2009).   "There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their

prisoners." *See Swarthout v. Cooke*, 562 U.S. 216, 220 (2011) (per curiam) (citation omitted); *see also Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7 (1979) (An applicant has no inherent constitutional right to be conditionally released before the expiration of a valid sentence).

The Colorado Parole Board has unlimited discretion to grant or deny parole for defendants serving sentences for crimes committed on or after July 1, 1985. *Thiret v. Kautzky*, 792 P.2d 801, 805 (Colo. 1990); Colo. Rev. Stat. § 17-22.5-303(6).

As may be applicable to this case, the Colorado Parole Board has the following powers and duties:

> To meet as often as necessary every month to consider all applications for parole. The board may parole any person who is sentenced or committed to a correctional facility when such person has served his or her minimum sentence, less time allowed for good behavior, and there is a strong and reasonable probability that the person will not thereafter violate the law and that release of such person from institutional custody is compatible with the welfare of society. If the board refuses an application for parole, the board shall reconsider the granting of parole to such person within one year thereafter, or earlier if the board so chooses, and shall continue to reconsider the granting of parole each year thereafter until such person is granted parole or until such person is discharged pursuant to law; except that, if the person applying for parole was convicted of any class 3 sexual offense described in part 4 of article 3 of title 18, C.R.S., a habitual criminal offense as defined in section 18-1.3-801(2.5), C.R.S., or of any offense subject to the requirements of section 18-1.3-904, C.R.S., the board need only reconsider granting parole to such person once every three years, until the board grants such person parole or until such person is discharged pursuant to law, or if the person applying for parole was convicted of a class 1 or class 2 felony that constitutes a crime of violence, as defined in section 18-1.3-406, C.R.S., the board need only reconsider granting parole to such person once every five years, until the board grants such person parole or until such person is discharged pursuant to law.

Colo. Rev. Stat. § 17-2-201(4)(a).

According to the DOC website, Applicant was sentenced on August 31, 1995, to thirty-two years of incarceration and was eligible for parole on August 21, 2006.  *See* http://www.doc.state.co.us/oss.[1]  In the Application filed on August 27, 2015, Applicant states that he was not sentenced under the Lifetime Supervision Act, ECF No. 4 at 4, plus the DOC website indicates Applicant's sentence discharge date is September 27, 2021, *see* http://www.doc.state.co.us/oss.  Applicant concedes he is parole eligible and has been before the board, but contends he will never be paroled because Respondent fails to provide access to and enrollment in the SOTMP in violation of his Fourteenth and Eighth Amendment rights.

The Court, therefore, finds that Applicant has been provided with parole reviews as may be required; but he is not entitled to parole under Colorado law because the granting of parole is discretionary.  The parole board may deny Applicant parole even if he does complete the SOTMP.  As a result, Applicant's claim is not cognizable pursuant to 28 U.S.C. § 2241 because his claim if granted would not necessarily result in a speedier release.  *See Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (When a prisoner's claim does not necessarily result in a speedier release, the claim does not lie at the "core of habeas corpus.") (quoting, *Preiser*, 411 U.S. at 489)).

Based on the above findings, the Application will be denied.  If Applicant wishes to assert claims challenging the administration of the sex offender treatment program he

---

[1] The Court may take judicial notice of the contents of the CDOC's Offender Search website.  *See Triplet v. Franklin*, No. 06-6247, 365 F. App'x 86, 92 n.8 (10th Cir. Feb. 5, 2010) (unpublished) (taking judicial notice of Oklahoma Department of Corrections' website); *see also N.M. ex rel. Richardson v. Bureau of Land Mgmt.,* 565 F.3d 683, 702 n. 22 (10th Cir. 2009) (taking judicial notice of information on "[t]he websites of two federal agencies").

must do so in a separate prisoner civil rights action filed pursuant to 42 U.S.C. § 1983.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, in forma pauperis status is denied for the purpose of appeal.   See Coppedge v. United States, 369 U.S. 438 (1962).   If Applicant files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed in forma pauperis in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.   Accordingly, it is

ORDERED that the Application is denied and the action dismissed without prejudice.   It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right in a federal habeas action.   It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED October 6, 2015, at Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge  
United States District Court